UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY HOLT,

        Petitioner,        Case No. 1:08-CV-295

v.        Hon. Robert J. Jonker

BLAINE C. LAFLER,

        Respondent.
_____/

**ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is now before the court on the State Appellate Defender Office's motion to withdraw as counsel (docket no. 33), petitioner's motion to hold the habeas petition in abeyance (docket no. 35), and petitioner's motion for appointment of counsel (docket no. 38).

**I.    Background**

Petitioner was convicted of armed robbery, M.C.L. § 750.529 and sentenced to serve a term of 30 to 90 years. *See People v. Sandy Sean Holt, Jr.*, No. 250580 (Mich. App. Dec. 21, 2004). After an unsuccessful appeal, petitioner, through his counsel, Assistant Defender Valerie R. Newman of the State Appellate Defender Officer, filed this habeas action. Petitioner, through counsel, filed an amended petition on the court's pre-printed form, setting forth two claims: (I) ineffective assistance of counsel ("defense counsel allowed police to conduct a polygraph examination and post test interrogation without counsel's presence and without any assurance of favorable treatment if Mr. Holt passed the polygraph"); and (II) violation of Michigan's 180-day rule ("Mr. Holt, incarcerated in prison awaiting trial, was not tried within 180 days of the

prosecution knowing he was incarcerated"). *See* Amended Petition (docket no. 4). The 182-page exhibit attached to the amended petition included briefs and evidentiary material.

After the warden filed his response and Rule 5 materials, petitioner filed a 31-page "Pro per supplemental memorandum of law in support of habeas petition" with 65 pages of exhibits. *See* docket no. 24. This "supplemental memorandum" was apparently prepared by petitioner and filed by his counsel. *Id*. Petitioner also filed a *pro se* document entitled "motion in form and affidavit of Sandy Holt Jr.," which set forth various arguments in support of his habeas petition. *See* docket no. 26. The court subsequently rejected a series of motions or documents filed by petitioner *pro se* (i.e., a motion and brief to hold habeas petition in abeyance and a motion and brief to appoint counsel), on the basis that petitioner was represented by counsel and "[a]ll filings should be submitted to this Court through Filer's counsel." *See* docket no. 32. [1] In his motion to hold the habeas petition in abeyance, petitioner stated that he wanted to file a motion for relief from judgment in the state trial court for, among other things, ineffective assistance of appellate counsel by petitioner's current counsel. *See* docket no. 32-2.

This motion, which alleged that Assistant Defender Valerie Newman or members of her officer provided ineffective assistance, prompted Ms. Newman to file a motion to withdraw as counsel. *See* docket no. 33. Given this apparent rift between petitioner and his counsel, the court allowed petitioner to file a number of *pro se* documents, including motions to hold the habeas petition in abeyance and to appoint counsel. *See* docket nos. 35 and 38. It is in this context that the court will address the outstanding motions.

---

[1] It is unclear why the Clerk's Office did not reject petitioner's *pro se* "motion in form and affidavit," docket no. 26, which was filed by petitioner contrary to court rules.

## II. Counsel's motion to withdraw (docket no. 33)

The State Appellate Defender Office represented petitioner on his criminal appeal brought in the Michigan state courts and continued to represent petitioner in this federal habeas action. Counsel seeks to withdraw because: "Mr. Holt's pleadings evidence the complete breakdown in the attorney client relationship;" "[t]he fact that Mr. Holt specifically alleges ineffective assistance of appellate counsel necessitates that this office be allowed to withdraw from the case effective immediately as it presents a conflict of interest for this office to continue its representation. MRPC 1.7(b); MRPC 1.10;" and "[t]he fact that Mr. Holt is able to put together pleadings and file them with the Court shows that he will not be prejudiced by proceeding in pro per."

Counsel's motion, however, is not properly before the court. First, counsel has failed to file a supporting brief pursuant to W.D. Mich. LCivR 7.1(a), which requires that all motions, except those made during a trial, shall be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." Second, the record does not reflect that counsel served petitioner, her client, with a copy of this motion. Accordingly, counsel's motion to withdraw (docket no. 33) is **DENIED** without prejudice.

## II. Holt's motion to hold petition in abeyance (docket no. 35)

In his motion, Holt asks the court to hold his habeas petition in abeyance so that he may litigate and exhaust a number of new claims in the state court. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28

U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Both of Holt's claims alleged in the amended petition are exhausted. However, Holt now seeks to file a motion for relief from judgment in the state court, in which he intends to raise and exhaust 17 new claims, consisting of: eight claims of ineffective assistance of trial counsel; five claims of ineffective assistance of appellate counsel; two claims under the 6th and 14th Amendments; a new claim against the prosecution for violating court rules; and "newly discovered evidence." *See* docket no. 35. None of these "new" claims appear in the amended petition.

A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005). A "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id.* Under the stay and abeyance procedure, "courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state

court, and then return to federal court." *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). However, the Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which is to encourage finality and streamline federal habeas proceedings. *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Here, petitioner cannot utilize the stay and abeyance procedure because he did not file a "mixed" habeas petition. Petitioner seeks a stay and abeyance not to pursue unexhausted claims set forth in the amended habeas petition, but to challenge his conviction by presenting 17 new claims of error in a state court proceeding. Petitioner may not utilize the stay and abeyance procedure to supplement a pending habeas petition with new claims. Absent a mixed petition, "the court cannot stay the exhausted claims pending the resolution of the unexhausted claim." *Stedman v. Hurley*, No. 1:05-cv-2051, 2006 WL 2864319 at *8 (N.D. Ohio Oct. 4, 2006). Petitioner's attempt to supplement his amended habeas petition with 17 entirely new claims of error is contrary to the policy which underlies the "stay and abeyance" procedure. As the court explained in *Colbert v. Tambi*, 513 F.Supp.2d 927 (S.D. Ohio 2007), the stay and abeyance procedure was "adopted to protect 'the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted.'" *Colbert*, 513 F. Supp.2d at 937 n. 8, quoting *Duncan v. Walker*,

533 U.S. 167, 184 (2001) (Stevens, J., concurring). Accordingly, petitioner's motion to hold the habeas petition in abeyance (docket no. 35) is **DENIED**.

### III. Motion to appoint counsel (docket no. 38)

Petitioner's motion to appoint counsel will be denied. First, the record reflects that petitioner is already represented by counsel, and the court will not consider appointing new counsel under such circumstances. Second, even if petitioner was proceeding without an attorney, there is no certainty the court would grant the motion. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964); *see Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Given the complexity of the issues and the procedural posture of this case, assistance of counsel does not appear necessary to the proper presentation of petitioner's position. Furthermore, petitioner's counsel has adequately presented the two claims at issue in this federal habeas action. Accordingly, petitioner's motion to appoint counsel (docket no. 38) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 23, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge