UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY HOLT,

    Petitioner,

v.

Case No. 1:08-cv-295
Hon. Robert J. Jonker

BLAINE C. LAFLER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Sandy Holt, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

Following a jury trial, petitioner was convicted of armed robbery, M.C.L. § 750.529, and sentenced to serve a term of 30 to 90 years imprisonment. *People v. Holt*, No. 250850, slip op. at 1 (Dec. 21, 2004) (docket no. 20). Petitioner, through counsel, presented two issues (with additional sub-issues) on appeal:

    I.    Was Mr. Holt denied his state and federal constitutional right to the effective assistance of trial counsel?

        A.    Were Mr. Holt's trial attorneys ineffective for permitting him to proceed to a polygraph without counsel present, especially absent a guarantee that charges would be dismissed if he passed?

        B.    If this court finds that the trial court did not appoint successor counsel until after the polygraph, was Mr. Holt denied his right to counsel at a critical stage of the proceedings, resulting in *per se* reversible error?

  C. Was counsel ineffective for failing to strike from the record the erroneously admitted suggestion that Mr. Holt's ex-wife threatened the complainant in connection with this case?

 II. Must Mr. Holt's conviction for armed robbery be vacated because of a violation of the 180-day rule?

Brief on Appeal (docket no. 20).

  The Michigan Court of Appeals affirmed petitioner's conviction. *See People v. Holt*, No. 250580. Petitioner raised the same issues with the Michigan Supreme Court. *See People v. Holt*, No. 128034 (Mich.) (Application for leave to appeal) (docket no. 21). After allowing the parties to file supplemental briefs, the Michigan Supreme Court issued the following order, affirming the Court of Appeals' decision and denying the application for leave to appeal:

> On April 11, 2007, the Court heard oral argument on the application for leave to appeal the December 21, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we AFFIRM the result reached by the Court of Appeals that there was no violation of the 180-day rule of MCL 780.131(1) and 780.133, but not the rationale it employed to reach that result. We affirm that result because the defendant did not establish that the Department of Corrections caused to be delivered by certified mail to the prosecuting attorney the written notice, request, and statement as required by MCL 780. 131(1). The rationale of the Court of Appeals opinion on this issue is VACATED. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

*People v. Holt*, 478 Mich. 851, 731 N.W.2d 93 (2007).

  Holt, through counsel, filed a petition in this court seeking a writ of habeas corpus pursuant to § 2254. Petition (docket no. 1). The court directed Holt to file an amended petition on

the form provided by this court.[1]  Order (docket no. 3).  Petitioner, through counsel, filed an amended petition raising the following issues:

    I.       Ineffective assistance of counsel.

              Defense counsel allowed police to conduct a polygraph examination and post test interrogation without counsel's presence and without any assurance of favorable treatment if Mr. Holt passed the polygraph.

    II.      Violation of 180-Day Rule.

              Mr. Holt, incarcerated in prison awaiting trial, was not tried within 180 days of the prosecution knowing he was incarcerated.

Amended Petition at ¶ 14 (docket no. 4). Petitioner subsequently submitted *pro se* filings, which the court rejected because he was represented by counsel. *See* Order Rejecting Pleading (docket no. 32). A rift developed between petitioner and his counsel, which resulted in the court granting counsel's second motion to withdraw. *See* Order (docket no. 46). As a result of these developments, petitioner is proceeding *pro se* in this court.

              **II.**      **Standard of review under 28 U.S.C. § 2254**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state

---

[1] In the original petition, counsel briefed only the ineffective assistance of counsel claims, noting that "Mr. Holt wishes to argue on appeal in this court the violation of the 180 day rule." Petitioner's Memorandum of Law at p. 5 fn. 4 (docket no. 2). Petitioner prepared a separate memorandum of law on this issue, which was submitted to the court with the petition. *See* "Federal Habeas Corpus Inquiry" (docket no. 2-9).

courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issues raised in his amended petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

4

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

**III.   Discussion**

**A.   Ineffective assistance of counsel**

In his amended petition, Holt contends that trial his counsel was ineffective for allowing police to conduct a polygraph examination and a post-polygraph interrogation without counsel's presence and without any assurance of favorable treatment if Mr. Holt passed the polygraph.[2] In *Strickland*, the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687 In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so

---

[2] The amended petition does not include the third ineffective assistance of counsel claim raised in Holt's state appeal, i.e., that counsel was ineffective "for failing to strike from the record the erroneously admitted suggestion that Mr. Holt's ex-wife threatened the complainant in connection with this case." *See* Amend. Pet. at p. 6.

5

*manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. den.* 508 U.S. 975 (1993) (emphasis in original). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

The Michigan Court of Appeals addressed petitioner's ineffective assistance of counsel claims as follows:

> Effective assistance of counsel is presumed and the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v. Rodgers*, 248 Mich.App 702, 715; 645 NW2d 294 (2001). In order to establish ineffective assistance of counsel, the attorney's performance must have been "objectively unreasonable in light of prevailing professional norms" and "but for the attorney's error or errors, a different outcome reasonably would have resulted." *People v. Harmon*, 248 Mich.App 522, 531; 640 NW2d 314 (2001), citing *People v. Carbin*, 463 Mich. 590, 599-600; 623 NW2d 884 (2001). Because defendant failed to move the trial court for an evidentiary hearing or a new trial based on ineffective assistance, our review is limited to mistakes apparent on the record. *People v. McMillan*, 213 Mich.App 134, 141; 539 NW2d 553 (1995).
>
> After arrest and appointment of counsel, defendant availed himself of the opportunity to demonstrate his innocence through a polygraph examination. Defendant appeared for the test, waived his right to counsel, and submitted to the examination. Counsel was not present. Following the test, defendant made incriminating statements to the investigating police officer that were later admitted at trial. Now, on appeal, defendant maintains that counsel's failure to attend the polygraph examination constituted ineffective assistance.
>
> In *People v. McElhaney*, 215 Mich.App 269, 273-274; 545 NW2d 18 (1996), this Court held that statements made following a polygraph examination are not taken in violation of defendant's right to counsel, even though counsel has been appointed, if the accused initiated the communication and waived his right to the presence of counsel. *See also US v. Eagle Elk*, 711 F.2d 80, 83 (CA 8, 1983). Here, the record shows that defendant volunteered to take a polygraph test and successfully waived the presence of counsel. Under these circumstances, defendant has no basis to claim that counsel was ineffective for failing to attend the test with him. Had that been his desire, defendant could have stopped the proceedings until counsel was in

attendance. To find counsel ineffective under these circumstances would in effect require an attorney to be present at all polygraph proceedings, which clearly is not what the law requires or expects of lawyers representing clients in criminal cases.

To the contrary, defendant contends that, because the facts in the instant case are materially indistinguishable from those in *Tyler v. U.S. (On Remand)*, 78 F Supp 2d 626 (ED Mich, 1999), this Court must conclude that his trial counsel was ineffective. We disagree. In *Tyler*, counsel essentially abandoned the defendant, causing him to have to fend for himself in trying to reach a settlement with the prosecutor. *Id.*, at 631. Here, counsel's absence from the polygraph proceeding does not equate to such an abandonment and does not entitle defendant to relief.

Next, relying on the contention that substitute counsel was not appointed to represent defendant after his first attorney withdrew in December, 2002 until March, 2003, defendant argues that he was denied his right to counsel on the day of the polygraph examination in February, 2003. The facts do not support defendant's contention. Although the record in this case does not reveal the exact date when substitute counsel was appointed, prior to the polygraph test, but after defendant's first attorney withdrew, the prosecutor filed a Memorandum to Add Witnesses that named substitute counsel as being defendant's attorney and indicated in the proof of service that the document was served on substitute counsel. On the basis of this document, we are satisfied that defendant was represented by substitute counsel on the day of the polygraph examination and accordingly, defendant's argument is without merit.

*People v. Holt*, No. 250580, slip op. at 1-2.

### 1. Counsel's attendance at the polygraph examination

The Michigan Court of Appeals applied the appropriate legal standard in determining petitioner's claim of ineffective assistance of counsel. Petitioner has no basis to support a ineffective assistance claim based solely upon counsel's failure to attend a polygraph examination. A criminal defendant has the right to waive the presence of counsel at a polygraph examination. *See Wyrick v. Fields*, 459 U.S. 42 (1982) (defendant can waive the right to an attorney at a polygraph examination and there was no requirement that the police again advise him of his rights before questioning him at the same interrogation). *See also, Eagle Elk*, 711 F.2d at 83 (defendant could

7

voluntarily waive the presence of counsel at a polygraph examination). Petitioner does not claim that his waiver of counsel was involuntary or defective.[3]

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Petitioner is not entitled to relief on this claim.

### 2. Counsel's attendance at the interrogation

Petitioner points out that his incriminating statements made to Detective Michael Ferrier in the post-polygraph interrogation "formed the centerpiece of the prosecution's case against him." Petitioner's Memorandum at p. 10 (docket no. 4-4); Trial Trans. III at pp. 66-86; Transcript of Holt Statement (attached as Exh. A to the government's response in opposition to petitioner's application for leave to appeal to the Michigan Supreme Court) (docket no. 21). While petitioner asserts that his counsel was not present at the interrogation with Detective Ferrier, petitioner does not dispute that he waived the right to counsel before speaking to the detective. In this regard, Detective Ferrier testified at trial that he witnessed Lieutenant Edwards advise petitioner of his *Miranda* rights before the interrogation. Trial Trans. III at pp. 64-65. For his part, petitioner testified at trial that he asked to speak with Detective Ferrier, that Ferrier reminded petitioner of the *Miranda* rights, and that petitioner understood that he could stop the interview. *Id.* at pp. 127-28.

---

[3] In an attempt to explain the interaction between petitioner and trial counsel, respondent's answer refers to an attached "affidavit signed by Petitioner's first counsel, Harold Closz," in which Closz advised petitioner of his rights prior to taking the polygraph examination *See* Respondent's Answer at p. 7. The court notes, however, that no such affidavit was attached. The only document related to that subject matter is an affidavit signed by petitioner's *appellate counsel*, Gary L. Rogers, which sets forth hearsay statements attributed to Attorney Closz. *See* Rogers Affidavit (docket no. 21).

In short, there is no dispute that petitioner waived his right to counsel before making the incriminating statements to Detective Ferrier.

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to relief on this claim.

### 3. Substitute counsel

Petitioner contends that he was denied the right to counsel on the day of his polygraph examination in February 2003, because his counsel withdrew in December 2002 and substitute counsel did not appear until March 2003. The court disagrees. As the Michigan Court of Appeals pointed out, this claim is not supported by the evidence. Attorney Harold F. Closz, III, entered his appearance as petitioner's attorney in the state court action on October 14, 2002. *See* Appearance (docket no. 4-6 at p. 66). The state court record reflects that on January 29, 2003, the prosecutor served a copy of a Memorandum to Add Witnesses in petitioner's criminal case on the new counsel, identified as "Al E. Swanson, Jr., attorney for the Defendant." *See* Memorandum (docket no. 4-6 at p. 64). It is uncontested that petitioner's polygraph examination occurred on February 19, 2003. *See* Petition and Order for Writ of Habeas Corpus (Feb. 11, 2003) (order allowing petitioner to attend a polygraph examination at 1:00 p.m. on February 19, 2003) (docket no. 4-6 at p. 62). Based on the state court record, the Court of Appeals found that "[a]lthough the record in this case does not reveal the exact date when substitute counsel was appointed, prior to the polygraph test, but after defendant's first attorney withdrew, the prosecutor filed a Memorandum to Add Witnesses that named substitute counsel as being defendant's attorney and indicated in the

9

proof of service that the document was served on substitute counsel." *People v. Holt*, No. 250580, slip op. at 1. The state appellate court's factual finding that petitioner had substitute counsel at the time of the polygraph examination is supported by the record. This finding, having not been rebutted, is presumed to be correct. *Brumley*, 269 F.3d 629; *Magana*, 263 F.3d at 546-47.

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Petitioner is not entitled to relief on this claim.

### B. 180 day rule violation

Petitioner contends that the prosecutor violated Michigan's 180-day speedy trial rule, M.C.L. § 780.131. Petitioner's claim presents an issue of state law that is not cognizable on federal habeas review. As an initial matter, there was no "violation" of M.C.L. § 780.131. On the contrary, the Michigan Supreme Court explicitly found that "there was no violation of the 180-day rule" under the state statute. *People v. Holt*, 478 Mich. 851.

"[I]it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Furthermore, even if there had been a violation of Michigan's speedy trial statute, "[v]iolation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). *See, e.g., Wells v. Petsock*, 941 F.2d 253, 256 (3rd Cir. 1991) (observing that "Pennsylvania's 180-day rule does not define the contours of the federal constitutional right to a

speedy trial"). Petitioner's claim regarding an alleged violation of the Michigan's speedy trial law is an issue of state law not cognizable on federal habeas review.

### IV. Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: January 7, 2011  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).