UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY HOLT,

        Petitioner,

                                  CASE NO. 1:08-CV-295

v.

                                  HON. ROBERT J. JONKER

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 50) and Petitioner's objection to it (docket ## 54, 56). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner Sandy Holt's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied.

## Background

Following a trial, a jury convicted Mr. Holt of armed robbery, in violation of Mich. Comp. Laws 750.529. The court sentenced Mr. Holt to a term of 30 to 90 years imprisonment. Mr. Holt pursued direct appeals without success, and the Michigan Court of Appeals and the Michigan Supreme Court upheld his conviction. The State Appellate Defender Office represented Mr. Holt on his direct appeal.

Mr. Holt, with the assistance of the State Appellate Defender Office, filed this petition under section 2254. He raises two issues: 1) ineffective assistance of trial counsel; and 2) violation of Michigan's 180-day speedy trial rule, M.C.L. § 780.131. The ineffective assistance claim contains two major grievances: 1) trial counsel permitted Mr. Holt to proceed with a polygraph examination, and then to be subject to interrogation, without counsel present; 2) substitute trial counsel did not appear in the case until after Mr. Holt's polygraph examination and subsequent interrogation. The Michigan Court of Appeals addressed and rejected the issues raised by Mr. Holt in this petition, and the Michigan Supreme Court denied his application for leave to appeal.

During the pendency of the petition, Mr. Holt and his counsel suffered a breakdown in their relationship, and the Court granted counsel's second motion to withdraw as counsel on October 4, 2010 (docket # 46). Mr. Holt has moved for a stay of decision on the petition as he pursues an ineffective assistance of counsel claim against his appellate counsel, the State Appellate Defender Office, in state court (docket # 55).

The Report and Recommendation recommended that Mr. Holt's petition be denied without an evidentiary hearing. It concludes that the Michigan courts' application of the law and evidentiary determinations regarding Mr. Holt's ineffective assistance of counsel allegations were not

unreasonable. It further concludes that Mr. Holt's second claim, regarding the 180-day rule, should be denied because it raises an issue of state law and is not cognizable on federal habeas review.

## Discussion

Mr. Holt seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, however, he must exhaust his claims by fairly presenting them to all available state courts. *See* 28 U.S.C. § 2254(b)(1)(A). Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is

3

"objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In his objections to the Report and Recommendation, Mr. Holt reiterates his claim that his trial counsel was ineffective in a number of a respects. This contention is without merit. Mr. Holt points to two factual distinctions that he argues support his claim that counsel was ineffective. He first opposes the Michigan court's finding that he initiated the polygraph examination, because the government sent him a letter offering him the chance to take the polygraph. Even if the prosecution did send Mr. Holt such a letter, it does not make the Michigan Court of Appeals' finding that "defendant availed himself of the opportunity to demonstrate his innocence through a polygraph examination" unreasonable. *People v. Holt*, No. 250580, slip op. at 1. Mr. Holt also argues that his case can be distinguished from *United States v. Eagle Elk*, 711 F.2d 80, 83 (8th Cir. 1983), because the polygraph examination and the interrogation were not performed by the same officer. This distinction is insufficient to establish that circumstances changed so seriously as to make his waiver of counsel involuntary. *See Treesh v. Bagley*, 612 F.3d 424, 432 (6th Cir. 2010) ("additional warnings are only required if the circumstances seriously changed between the initial warnings and the interrogation") (citing *Wyrick v. Fields*, 459 U.S. 42, 47 (1982)). Here, Mr. Holt requested the interrogation when he learned that certain law enforcement officers did not believe him. (Docket # 21, Ex. A to Plaintiff's Response to Defendant's Application for Leave to Appeal, Interrogation Transcript, p. 1.) Moreover, he acknowledged to the official conducting the interrogation that he was advised of his Miranda rights, he had signed a waiver form, and he had received a telephone call

4

when he requested it. (*Id*.) The finding by the Michigan courts that Mr. Holt waived his right to counsel at the examination and the interrogation is objectively reasonable and will not be disturbed.

Mr. Holt also offers additional support for his objection that his substitute counsel was also ineffective. He first argues that substitute counsel did not speak with him until seven days prior to trial. Mr. Holt never raised this particular claim on direct appeal, and thus the Court cannot consider it. Even if the Court did consider the objection on the merits, it would still be denied. Mr. Holt provides no evidence that substitute counsel conferred with him only on May 14, 2003. More importantly, he has made no showing, in this petition, that even if he had not met with his counsel until that date, his counsel was so "manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Mr. Holt's second objection regarding substitute counsel, that counsel was ineffective for failing to move to suppress certain statements, is also without merit. Mr. Holt does not identify which particular statements he is referencing. The Michigan Court of Appeals addressed Mr. Holt's argument that counsel was ineffective for failing to move to strike the victim's testimony, holding that "defendant was not entitled to relief because a different outcome would not reasonably have resulted had the jury not heard the testimony." *People v. Holt*, No. 250580, slip op. at 2. This was not an unreasonable application of the law or determination of fact by the Michigan Court of Appeals. If Mr. Holt objects that his substitute counsel was ineffective for failing to move to suppress other statements, those objections are rejected, as Mr. Holt did not pursue these claims on his direct appeal.

Finally, Mr. Holt objects that his claim regarding the 180-day rule was grounded in the Fourteenth Amendment (as well as other Amendments), not state law. This contention is also without merit. The Magistrate Judge correctly notes that the application of state laws by state courts

cannot be reviewed by federal habeas courts. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Mr. Holt attempts to get around this obstacle by asserting that his claim is actually one under numerous Amendments to the Constitution. Yet even Mr. Holt recognizes, at least to some degree, that he is challenging the application of a state law, not the Constitution. Mr. Holt's claim is one of state law application, and he cannot now receive habeas review by using a different title for his claim.

Mr. Holt also moves to amend and for a stay, as he is now asserting the ineffective assistance of appellate counsel (docket # 55). The motion does not elaborate on the potential amendment, and thus the motion to amend is **DENIED**. The Court also **DENIES** Mr. Holt's motion to stay this decision. Whether Mr. Holt chooses to pursue his claims in state court does not affect the outcome of this determination. The actions taken by the Michigan state courts are sound, and the Court sees no reason to overturn them.

## Certificate of Appealability

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on January 7, 2011, is approved and adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus under section 2254 is **DENIED.**

2. Petitioner's motion to amend and for a stay (docket # 55) is **DENIED**.

2. A certificate of appealability is **DENIED**.


Dated:    March 17, 2011              /s/ Robert J. Jonker
                                                         ROBERT J. JONKER
                                                         UNITED STATES DISTRICT JUDGE